UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVERY PACK,

        Plaintiff,

                                    Case No. 03-CV-73601
vs.                               HON. GEORGE CARAM STEEH

DAMON CORPORATION,
an Indiana corporation,

        Defendants.
_____/

<u>ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF
PRIVITY ISSUE TO THE MICHIGAN SUPREME COURT (#63)</u>

Defendant Damon Corporation moves to certify the following question to the Michigan Supreme Court: "Does Michigan law require privity of contract to assert a claim of breach of warranty against a remote manufacturer who was not a party to the sales transaction when Plaintiff claims economic loss, only?" Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

The circumstances underlying this lawsuit are set forth in <u>Pack v. Damon Corp.</u>, 434 F.3d 810 (6th Cir. 2006). Plaintiff Avery Pack initially filed claims in state court of breach of express and implied warranties under Michigan law and the federal Magnuson Moss Warranty Act ("MMWA"), breach of contract, revocation of acceptance, and violations of Michigan's Consumer Protection Act ("MCPA") relative to his purchase from General RV Center of an allegedly defective motor home manufactured by defendant Damon. The lawsuit was removed to federal court on September 19, 2003 based on diversity

jurisdiction. On February 19, 2004, the court granted General RV Center's motion to compel arbitration, and dismissed General RV Center from this lawsuit. The court also granted in part Damon's motion for summary judgment as to Pack's state and federal claims of breach of implied warranties, as well as Pack's claims of revocation of acceptance, breach of contract, and rescission. As to the breach of implied warranty claim, this court reasoned:

> . . . [T]he Michigan Supreme Court, if faced with the issue, would rule that privity of contract is required for a consumer to recover under an implied warranty claim as alleged against a remote manufacturer, and that a manufacturer's express warranty does not create that requisite contractual privity. Ultimately, a split of authority will remain among the Michigan district courts until the issue is addressed by the Sixth Circuit or Michigan Supreme Court.

February 19, 2004 Order, at 22 (emphasis added). Following further discovery, the court granted Damon's second motion for summary judgment on August 23, 2004 as to Pack's remaining claims. Pack appealed, and on January 5, 2006, the Sixth Circuit reversed the dismissal of Pack's state law express and implied warranty claims and the dismissal of Pack's MMWA and MCPA claims. In a published decision, the Sixth Circuit held that, if faced with the issue, the Michigan Supreme Court would decide that "Michigan has abandoned the privity requirement for implied warranty claims[.]" Pack, 434 F.3d at 818, 820. Pack's claims are now before this court on remand. Damon filed the instant motion on March 6, 2006.

This court may certify an issue to the Michigan Supreme Court for resolution of a question of Michigan law not controlled by Michigan Supreme Court precedent. See E.D. Mich. LR 83.40; M.C.L. 600.215(b); M.C.R. 7.305(B)(1). Certification of an unresolved issue to a state supreme court is not obligatory, but instead lies within the federal court's

discretion. Lehman Brothers v. Schein, 416 U.S. 386, 390-91 (1974). Certification is most appropriate if the state law question is new and unsettled. Transamerica Ins. Co. v. Duro Bag Mfg. Co., 50 F.3d 370, 372 (1995) (citing Lehman Brothers v. Schein, 416 U.S. at 390-91). A federal district court should also take into account whether the Sixth Circuit has examined the issue or related principles and found them to be settled. Id. at 372.

Under the instant circumstances, the court is not persuaded that certification is appropriate. While all agree that Michigan Supreme Court precedent does not address the precise issue of Michigan law posed by Damon, the absence of such precedent alone does not warrant certification. Lehman Brothers, 416 U.S. at 390-91. The very question posed by Damon has been answered by the Sixth Circuit, in this lawsuit, after a thorough examination of Michigan precedent dating back to 1958. See Pack, 434 F.3d at 818 (citing Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N.W.2d 873 (1958) and its progeny). The issue is certainly not new. A panel of this Circuit has examined the legal principles related to Pack's implied warranty claim and found them to be sufficiently settled under Michigan to allow Pach to proceed with his claim. Id. Contrary to Damon's argument, a split of *binding* authority no longer exists within this Circuit or the federal district courts within this Circuit following publication of Pack. Michigan courts in turn are not bound by the Sixth Circuit's interpretation of Michigan law. Damon's disagreement with the Sixth Circuit's analysis does not weigh in favor of seeking a "second opinion" from the Michigan Supreme Court. Further delaying this 2003 lawsuit by certifying the implied warranty issue to the Michigan Supreme Court would not advance the interests of justice when considering that the Sixth Circuit has already ruled on the issue, and that Pack is alleging additional breach of express warranty, MMWA, and MCPA claims; the

Michigan Supreme Court's decision on the advanced certified question would not end this lawsuit.  Accordingly,

Damon's motion for certification of the privity issue to the Michigan Supreme Court is hereby DENIED.

SO ORDERED.

                                              s/George Caram Steeh  
                                              GEORGE CARAM STEEH  
                                              UNITED STATES DISTRICT JUDGE

Dated:  April 25, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 25, 2006, by electronic and/or ordinary mail.

                                              s/Josephine Chaffee  
                                              Secretary/Deputy Clerk