UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVERY PACK,

        Plaintiff,

                              Case No. 03-CV-73601
vs.                                  HON. GEORGE CARAM STEEH

DAMON CORPORATION,
an Indiana corporation,

        Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (#69)

Defendant Damon Corporation moves for reconsideration of this court's April 25, 2006 Order denying Damon's motion for certification of the implied warranty contractual privity requirement to the Michigan Supreme Court, arguing that the court's "primary" reason for denying the motion was that this lawsuit would be delayed if the motion was granted. In moving for reconsideration, Damon assures the court there will be no such delay.

Contrary to Damon's assertion, delay of this lawsuit was not the "primary" reason for denying its motion to certify its implied warranty question to the Michigan Supreme Court:

> This court may certify an issue to the Michigan Supreme Court for resolution of a question of Michigan law not controlled by Michigan Supreme Court precedent. See E.D. Mich. LR 83.40; M.C.L. 600.215(b); M.C.R. 7.305(B)(1). Certification of an unresolved issue to a state supreme court is not obligatory, but instead lies within the federal court's discretion. Lehman Brothers v. Schein, 416 U.S. 386, 390-91 (1974). Certification is most appropriate if the state law question is new and unsettled. Transamerica Ins. Co. v. Duro Bag Mfg. Co., 50 F.3d 370, 372 (1995) (citing Lehman Brothers v. Schein, 416 U.S. at 390-91). A federal district court should also take into account whether the Sixth Circuit has examined the issue or related principles and found them to be settled. Id. at 372.
>
> Under the instant circumstances, the court is not persuaded that certification is appropriate. While all agree that Michigan Supreme Court precedent does not address the precise issue of Michigan law posed by Damon, the absence of such precedent alone does not warrant certification.

> Lehman Brothers, 416 U.S. at 390-91.  The very question posed by Damon has been answered by the Sixth Circuit, in this lawsuit, after a thorough examination of Michigan precedent dating back to 1958.  See Pack, 434 F.3d at 818 (citing Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N.W.2d 873 (1958) and its progeny).  The issue is certainly not new.  A panel of this Circuit has examined the legal principles related to Pack's implied warranty claim and found them to be sufficiently settled under Michigan to allow Pach to proceed with his claim.  Id.  Contrary to Damon's argument, a split of *binding* authority no longer exists within this Circuit or the federal district courts within this Circuit following publication of Pack.  Michigan  courts in turn are not bound by the Sixth Circuit's interpretation of Michigan law.  Damon's disagreement with the Sixth Circuit's analysis does not weigh in favor of seeking a "second opinion" from the Michigan Supreme Court.  Further delaying this 2003 lawsuit by certifying the implied warranty issue to the Michigan Supreme Court would not advance the interests of justice when considering that the Sixth Circuit has already ruled on the issue, and that Pack is alleging additional breach of express warranty, MMWA, and MCPA claims; the Michigan Supreme Court's decision on the advanced certified question would not end this lawsuit.

April 26, 2006 Order, at 2-4.  Damon misconstrues the "primary" reason for denying its motion; a panel of the Sixth Circuit Court of Appeals in this very lawsuit has already decided the issue, there is no longer a split of binding authority within this Circuit, and Michigan court's are not bound by the Sixth Circuit's interpretation of Michigan law.

Damon has failed to demonstrate a palpable defect by which the court and the parties have been mislead, or that correction of such a defect would result in a different disposition of the motion.  See E.D. Mich. LR 7.1(g)(3).  Accordingly,

Damon's motion for reconsideration is hereby DENIED.

SO ORDERED.

                s/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

Dated:  May 1, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 1, 2006, by electronic and/or ordinary mail.

                s/Josephine Chaffee
                Secretary/Deputy Clerk