UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVERY PACK,

        Plaintiff,

vs.

        Case No. 03-CV-73601
        HON. GEORGE CARAM STEEH

DAMON CORPORATION,
an Indiana corporation,

        Defendants.
_____/

ORDER STRIKING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#78)

On January 5, 2006, the Sixth Circuit issued Pack v. Damon Corp., 434 F.3d 810 (6th Cir. 2006), ruling that questions of fact remained whether defendant Damon Corporation failed to cure specific defects in Pack's 2002 Damon Intruder Motor Home that could be covered under Damon's "EXPRESS WRITTEN LIMITED WARRANTY," being alleged defects in "slide-out gasket," the "bedroom slide-out," rust, and a three-inch leaning of the home portion of the vehicle on the chassis. Id. at 815-17. The Sixth Circuit also held that a question of fact remained whether Damon's warranty failed in its essential purpose in view of record evidence that Pack's vehicle was out of service for 162 days in the first year of ownership. Id. at 817. The Sixth Circuit further held that privity of contract was not required under Michigan law to sustain a claim for breach of implied warranty. Id. at 820. To that extent, the Pack court reversed this court's grant of summary judgment in favor of Damon, and remanded Pack's state law claims of breach of express and implied warranties, Pack's derivative Magnuson Moss Warranty Act claims, and Pack's Michigan

Consumer Protection Act claim premised on breach of warranty. Id. at 820. On remand, this court held a scheduling conference, granted Damon additional limited discovery on the limited warranty issue, set a July 7, 2006 dispositive cut-off date, and scheduled trial for August 29, 2006.

Damon filed the instant motion for summary judgment on July 7, 2006, seeking dismissal of *all* of Pack's claims. Damon initially maintains that Pack's Counsel stipulated that the state law breach of limited warranty claim is limited in scope and duration to the state law breach of express warranty claim, then proceeds to advance arguments that all of Pack's claims must now be dismissed. Damon argues that it is beyond dispute that any of the alleged defects are attributable to Damon, contrary to the Sixth Circuit's express ruling. See Pack, 434 F.3d at 815-17. Damon also argues that Pack's complaints as to gaskets and/or seals on the slide-out falling off are indisputably attributable to "normal wear and usage," again contrary to the Sixth Circuit's ruling. See id. at 816. Damon poses the dispositive significance of a "W" used in a work order, an issue expressly addressed on appeal. See id. at 816 n.4. Still other arguments challenge the Sixth Circuit's ruling directly, arguing that "the Appellate Court incorrectly assumed that the lean in the coach was a 'problem' and not a normal condition." Damon's July 7, 2006 Brief, at 22. In short, a review of Damon's motion reveals it is, in essence, a motion for reconsideration more appropriately directed to the Sixth Circuit Court of Appeals.

Pack has since filed a motion to strike Damon's motion for summary judgment. This court agrees to the extent that Damon merely reiterates issues that have already been addressed by the Court of Appeals. Accordingly, and pursuant to Federal Rule of Civil Procedure 12(f),

Defendant Damon's July 7, 2006 motion for summary judgment is hereby STRICKEN as redundant. The court's March 6, 2006 Scheduling Order remains in force and effect.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 13, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk